UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 14-2028-JLS (RNBx)                               Date: March 11, 2015
Title: Pyro-Comm Systems Inc. v. West Coast Fire and Integration Inc. et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                      Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 14) AND ORDERING PLAINTIFF TO RE-SERVE STATE-COURT CIVIL CASE COVER SHEET AND ALTERNATIVE DISPUTE RESOLUTION PACKAGE ON DEFENDANTS**

Before the Court is a Motion to Remand filed by Plaintiff Pyro-Comm Systems, Inc. (Mot., Doc. 14.) Defendants West Coast Fire & Integration, Inc., Gene Knust-Graichen, Marc Lopez, Christian Rodriguez, and Adam Vigil timely opposed, and Plaintiff replied. (Opp., Doc 17; Reply, Doc. 19.) The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Accordingly, the hearings set for March 20, 2015, at 2:30 p.m. is VACATED. For the following reasons, the Court DENIES the Motion.

**I.     BACKGROUND**

On November 4, 2014, Plaintiff Pyro-Comm Systems filed a Complaint in Orange County Superior Court against Defendants West Coast Fire & Integration, Inc., Gene Knust-Graichen, Marc Lopez, Christian Rodriguez, and Adam Vigil. (State Court Complaint, Doc. 1, Ex. A.) Plaintiff alleges the individual Defendants misappropriated its trade secrets and used them to benefit competitor companies including Defendant West Coast Fire. (Id.)
On December 22, 2014, Defendants removed the case to this Court on the basis of diversity jurisdiction. (Notice of Removal, Doc. 1.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 14-2028-JLS (RNBx)                                         Date: March 11, 2015
Title: Pyro-Comm Systems Inc. v. West Coast Fire and Integration Inc. et al.

      Plaintiff now moves to remand the case because, while Defendants attached the state-court complaint and summons to their Notice of Removal, they failed to attach the state-court Civil Case Cover Sheet and Alternative Dispute Resolution Package. (Mot. at 4-5; *see* Notice of Removal, Ex. A.) Defendants dispute that they were ever served with those documents. (Opp. at 3; Decl. of Daniel Scherneck, Doc. 17-2, ¶ 3; Decl. of Marc Lopez, Doc. 17-5, ¶ 3; Decl. of Christian Rodriguez, Doc. 17-7, ¶ 3; Decl. of Adam Vigil, Doc 17-9, ¶ 3.) They also argue that the removal statute does not require those items be attached to the Notice of Removal and, in any case, the failure to attach them is curable. (Opp. at 4-7.)

## II.     LEGAL STANDARD

      Removal to federal court is governed by 28 U.S.C. § 1441. Cases filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a); *City of Chicago v. Int'l College of Surgeons*, 522 U.S.156, 163 (1997). "A defendant desiring to remove any civil action from a State court shall file . . . a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). To protect the jurisdiction of state courts, removal jurisdiction is strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Upon a motion to remand, the defendant bears the burden of establishing proper removal and federal jurisdiction. *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 682-83 (9th Cir. 2006); *see also Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (recognizing the "strong presumption against removal jurisdiction").

## III.    DISCUSSION

      As noted above, Defendants did not attach the state-court Alternative Dispute Resolution package and Civil Case Cover Sheet to their Notice of Removal. (Mot. at 4-6; *see* Notice of Removal.) Plaintiff argues remand is warranted because the removal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 14-2028-JLS (RNBx)  Date: March 11, 2015
Title: Pyro-Comm Systems Inc. v. West Coast Fire and Integration Inc. et al.

statute requires a removing party must attach to their notice of removal "all process, pleadings, and orders" served upon them prior to removal, and the removal statute is strictly construed. (Mot. at 4-6.) *See* 28 U.S.C. § 1446(a).

Controlling precedent squarely forecloses Plaintiff's argument. In *Kuxhausen*, a removing defendant failed to attach the state-court complaint to its Notice of Removal. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1142 (9th Cir. 2013). While recognizing that the defendant had failed to attach "all process, pleadings, and orders served" as required by 28 U.S.C. § 1446(a), the Ninth Circuit held "this *de minimis* procedural defect was curable" and did not warrant remand so long as the notice of removal itself was timely filed. *Id.* (citing *Countryman v. Farmers Ins. Exch.*, 639 F.3d 1270, 1272 (10th Cir. 2011); *Walton v. Bayer Corp.*, 643 F.3d 994, 999 (7th Cir. 2011); 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3733 (4th ed. 2011)). Here, Plaintiff does not allege Defendants untimely filed their Notice of Removal. Accordingly, their failure to attach the state-court ADR packet and Civil Case Cover Sheet – *even if* Defendants were served with those documents, and *even if* those documents constitute "process, pleadings, and orders" under 28 U.S.C. § 1446(a) – is a *de minimis* procedural defect and does not warrant remand.

As an aside, the Court notes that Plaintiff's Reply is curiously devoid of any reference to *Kuxhausen* despite Defendants' reliance on it in their Opposition. "The ostrich-like tactic of pretending that potentially dispositive authority against a litigant's contention does not exist is as unprofessional as it is pointless." *Hill v. Norfolk & W. Ry. Co.*, 814 F.2d 1192, 1198 (7th Cir. 1987) (citing *Bonds v. Coca-Cola Co.*, 806 F.2d 1324, 1328 (7th Cir. 1986)). After Defendants raised *Kuxhausen* in their Opposition, Plaintiff should have addressed this controlling precedent in its Reply – if not withdrawn this Motion altogether. Plaintiff is reminded that under Federal Rule of Civil Procedure 11(b), the Court may *sua sponte* sanction a party for pursuing a motion that is frivolous or not warranted by existing law.[1] *See* Fed. R. Civ. P. 11(b).

---

[1] The Court is equally unimpressed with Plaintiff's evidentiary objections. (Doc. 19-1.) For instance, Plaintiff objects to the declaration of Defendant Gene Knust-Graichen – who states that he was never served with *any* papers – on the grounds that it is irrelevant. (Evidentiary Objections at 1-2; *see* Decl. of Gene Knust-Graichen, Doc. 17-4.) Given that a removing defendant need include with their Notice of Removal only those papers *with which they were served*, it is difficult to see how this Declaration could be any *more* relevant. *See* 28 U.S.C. § 1446. This is to say nothing of the propriety of using a Defendant's ex-wife's boyfriend to serve papers on that Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 14-2028-JLS (RNBx)                                                            Date: March 11, 2015
Title:  Pyro-Comm Systems Inc. v. West Coast Fire and Integration Inc. et al.

## IV.     CONCLUSION

   For the foregoing reasons, Plaintiff's Motion to Remand is DENIED.
   In light of the factual dispute as to whether Defendants received service of the state-court Civil Case Cover Sheet and Alternative Dispute Resolution Package, Plaintiff is ORDERED to re-serve those documents on Defendants via the Court's electronic filing system **within five days of this Order**.

                                                                                   Initials of Preparer:  tg

---

*at a family court hearing*.  (Decl. of Cindy Carranza, Doc. 14-1, ¶ 7; Knust-Graichen Decl. ¶ 2.)  This manner of service does not appear to be a coincidence, as Plaintiff used a registered process server to effect service on all other Defendants.  (*See* Carranza Decl. Exs. A-E, Docs. 14-2, 14-3, 14-4, 14-5, 14-6.)